WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Terence Tarell Walker,
Plaintiff,
v.
Stacy Soto, et al.,
Defendants.

No. CV-26-01047-PHX-MTL

**ORDER**

Before the Court are Plaintiff Terence Tarell Walker's Complaint (Doc. 1), Application to Proceed *In Forma Pauperis* (Doc. 2), and Motion for Status Conference (Doc. 16).

**I.**

Plaintiff, a state-court probationer, brings this case *pro se* alleging mistreatment by his surveillance officer Defendant Stacy Soto. (Doc. 1.) The Complaint also names Defendant Soto's supervisor, Defendant Joshua Ibanez Jimenez, as well as Defendants Maricopa County and Maricopa County Adult Probation Department. (*Id.*) Plaintiff filed the Complaint in February 2026, asserting eight causes of action: (I) Equal Protection, (II) Due Process, (III) Excessive Force, (IV) Deliberate Indifference to Medical Needs, (V) First Amendment Retaliation, (VI) ADA Disability Discrimination, (VII) Failure to Intervene/Supervisory Liability, and (VIII) Municipal Liability. (*Id.* at 2-4.)

**II.**

A party may file a lawsuit without paying the filing fee if the Court grants leave to

proceed *in forma pauperis*. 28 U.S.C. § 1915. Plaintiff's application indicates that he has insufficient funds to prepay the filing fee for this action. (Doc. 2.) Accordingly, the Court will grant the application.

The Court may screen complaints brought *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must dismiss an action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Further, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id* (citation modified). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a claim, a court must assess whether there are other "more likely" explanations for a defendant's conduct. *Id.* at 681.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (directing courts to "continue to construe *pro se* filings liberally"). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a

complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**III.**

Each of Plaintiff's eight causes of action consist of a single sentence that loosely recites the elements of the claim, followed by the name of a United States Supreme Court or Ninth Circuit opinion. (Doc. 1 ¶¶ 23-30.) Plaintiff does not incorporate or reference any of his factual allegations in any of his causes of action. (*See id.*) For example, his first cause of action, labeled "Equal Protection (42 U.S.C. § 1983)," alleges that "Defendants intentionally treated Plaintiff differently from similarly situated probationers without legitimate governmental purpose and in part due to discriminatory animus." (*Id.* ¶ 23.) It then concludes with, "Authority: *Romer v. Evans*; *Village of Willowbrook v. Olech*." (*Id.*)

Simply reciting the elements of a cause of action in a conclusory fashion without explaining how the facts alleged support the cause of action fails Rule 8(a)(2)'s pleading standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). Neither this nor the seven other causes of action, (*see* Doc. 1 ¶¶ 24-30), state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678.

Further, to the extent Plaintiff alleges conduct as to all Defendants collectively, such group pleading fails to comply with Rule 8(a)(2) because it does not give fair notice of the claims against each Defendant with the requisite specificity. *Riehle v. Bank of Am., N.A.*, No. CV-12-0051-PHX-NVW, 2013 WL 1694442, at *2 (D. Ariz. Apr. 18, 2013).

Finally, Plaintiff attaches two exhibits to his Complaint and has filed what appears to be an additional supplementary exhibit. (Docs. 1-2, 1-3, 10.) The Complaint does not incorporate these exhibits by reference, as required by Federal Rule of Civil Procedure 10(c). Moreover, the Court cautions Plaintiff that it will not "wade through [his] exhibits" to determine whether he has sufficiently stated a claim. *Foust v. City of Page*, CV-12-08115-PCT-DGC, 2014 WL 3340916, at *2 (D. Ariz. July 8, 2014).

While the Court must construe Plaintiff's Complaint liberally, "it will not piece it

together for him." *Goodlow v. Clark*, CV 18-10416-CJC, 2019 WL 285925, at *3 (C.D. Cal. Jan. 22, 2019). Nor will the Court supply omitted but necessary factual detail.

Because each of Plaintiff's causes of action consist of a single conclusory allegation, the Court will dismiss each one. But the Court will grant Plaintiff leave to amend his Complaint to cure the deficiencies identified in the Order. Finally, the Court has considered Plaintiff's Motion for Status Conference (Doc. 16). While the Court finds that a status conference is not necessary at this time, Plaintiff may raise any additional concerns or allegations of mistreatment in his Amended Complaint, should he choose to file one.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint no later than **October 29, 2026**, if he can cure the defects identified in this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not timely file an Amended Complaint, the Clerk of Court shall dismiss this action without further Order of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an Amended Complaint, it may not be served unless and until the Court screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Status Conference (Doc. 16) is **DENIED**.

Dated this 28th day of September, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge